UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHARLES PHIFER, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:16-CV-106-PPS-CAN |
| INDIANA DEPARTMENT OF CORRECTION, et al., | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Charles Phifer, a pro se prisoner, seeks leave to proceed in forma pauperis. However, Phifer is barred from proceeding in forma pauperis by 28 U.S.C. § 1915(g) because he has on three or more prior occasions filed a complaint or appeal that did not state a claim for which relief could be granted. This is commonly known as the "Three Strikes Rule" and it is not news to Phifer that he has struck out. He was notified by the Circuit Court twice. *See Phifer v. Steward*, 04-2021 (7th Cir. June 30, 2004) and *Phifer v. Walbash Valley*, 04-2089 (7th Cir. July 8, 2004). Indeed, as a result of his abusive litigation history, he was until recently restricted from filing in the courts of this circuit. *See Phifer v. Wabash Valley Correctional Facility*, 04-2089 (7th Cir. Aug. 12, 2004). The restriction was lifted on February 22, 2016, after he paid the $500.00 sanction. With the restriction lifted, he is not precluded from filing, but he is nevertheless still struck out.

An inmate with three or more strikes "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'"

*Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In his amended complaint [DE 21], Phifer clearly alleges that he has suffered injury as a result of previous denials of medical treatment for which he is seeking $360,000,000.00. What he has not done is explain how and why he is now in imminent danger of serious physical injury. Nevertheless, because it appears that he may have such a claim, I will not merely deny him leave to proceed in forma pauperis. Rather, I will grant him leave to file an amended complaint answering that question. A copy of this court's prisoner complaint form is available in his prison law library.

In the amended complaint, Phifer needs to limit his claims to issues involving imminent danger of serious physical injury. He needs to explain what medical condition he now has that is not being treated. He needs to sue only the person responsible for providing him medical treatment who is not doing so. He needs to describe the risk of serious physical injury he is facing. He needs to explain what treatment he is receiving and why he believes it is inadequate. He needs to explain what treatment he believes he should be getting.

For these reasons, the court takes the in forma pauperis petition [DE 7] under advisement and **GRANTS** Charles Phifer until July 7, 2016, to file an amended complaint explaining how and why he is in imminent danger of serious physical injury

and naming the defendant responsible to provide him with medical treatment that is refusing to do so.  He is **CAUTIONED** that if he does not respond by that deadline, he will be denied leave to proceed in forma pauperis.

SO ORDERED.

ENTERED: June 1, 2016

                                           s/ Philip P. Simon
                                           CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT